IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-110-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| LEWIS CARNELL JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes now before the court upon the Memorandum and Recommendation ("M&R") of United States Magistrate Judge David W. Daniel (DE # 31). Following an evidentiary hearing on January 28, 2008, Magistrate Judge Daniel recommended that defendant's motion to suppress (DE # 23) be denied. Defendant timely filed objections to the M&R (DE # 32), and the government has responded (DE # 33). Upon careful consideration, the court adopts the M&R, and DENIES defendant's motion to suppress.

BACKGROUND

On May 9, 2007, an indictment was issued charging defendant with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924, possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c), and conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 846.

Defendant was arrested on February 22, 2007, having been located in the backseat of a

vehicle within which a controlled purchase of marijuana was being conducted by officers of the Raleigh Police Department. A search of the vehicle executed by these officers revealed a firearm. Defendant was transported to the Raleigh Police Station, whereupon he executed a waiver of rights form and issued self-incriminating statements to Detective Todd Marshburn ("Detective Marshburn") of the Raleigh Police Department. The statements pertained to his possession of the firearm located in the vehicle, and to his role in the controlled purchase of marijuana.

On December 14, 2007, defendant filed a motion to suppress the incriminating statements made to Detective Marshburn, arguing that he had requested an attorney while in the presence of an unidentified member of the Raleigh Police Department during his transport to the police station. An evidentiary hearing was held before Magistrate Judge Daniel on January 28, 2008, wherein the court received testimony from defendant, and from three members of the Raleigh Police Department; Detective Marshburn, Detective Eric Emser ("Detective Emser"), and Sergeant Kyle Wescoe. On February 5, 2008, Magistrate Judge Daniel issued an M&R recommending that defendant's motion to suppress be denied.

## DISCUSSION

The district court conducts a *de novo* review of those portions of a magistrate judge's memorandum and recommendation to which specific objections are filed. 28 U.S.C. § 636(b)(1). Those portions of the memorandum and recommendation to which only general or conclusory objections are lodged may be affirmed by the district court unless clearly erroneous or contrary to law. Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2

Defendant objects generally to the recommendation that the motion to suppress be denied, and specifically to the magistrate judge's determination that defendant's testimony at hearing was not credible. (Obj. at 1). A *de novo* review of the credibility determination yields the same conclusion that was reached by Magistrate Judge Daniel. Defendant's testimony revealed his uncertainty surrounding the particulars of his transportation to the police station. (Tr. 44-46). Specifically, defendant could not recall what the officer transporting him looked like, whether the officer transporting him was wearing a mask, what the car that transported him looked like, or the duration of the journey to the police station. (Id.) The government, meanwhile, presented consistent testimony of three officers with extensive training in interview procedures and techniques, all of whom stated that it was department and personal policy to desist with questioning the instant that a defendant requested a lawyer. (Id. at 8-9, 29-30, 38-39). Detective Emser testified that he personally transported defendant to the police station, and that at no time during this approximately seven-minute drive did defendant request assistance of counsel. (Id. at 32). Detective Emser further testified that he fully understood his obligation to alert the officer in charge of a request for counsel in the event that such a request was made. (Id. at 29-30).

Further, it is uncontested that while at the police station, and prior to issuing self-incriminating statements, defendant completed and signed a form waiving his Miranda rights, including his rights to remain silent and secure the services of counsel. (Id. at 60). Nothing in the record suggests that the decision to execute this waiver was anything other than voluntary and intelligent. See Moran v. Burbine, 475 U.S. 412, 421 (1986) (finding that a waiver is voluntary if "the product of a free and deliberate choice" and knowing if "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it"). The

existence of this valid waiver of rights in conjunction with the absence of any credible evidence demonstrating that defendant requested counsel during his transport to the police station compels the court to deny defendant's motion to suppress.

## CONCLUSION

In accordance with the foregoing, the court ADOPTS the Memorandum and Recommendation of Magistrate Judge David W. Daniel (DE # 31), and DENIES defendant's motion to suppress (DE # 23).

SO ORDERED, this the 28th day of February, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge