IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-110-FL-1
No. 5:12-CV-205-FL

| | |
|---|---|
| LEWIS CARNELL JACKSON, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER AND MEMORANDUM<br>AND RECOMMENDATION** |

This matter comes before this court on the government's motion to dismiss [DE-97] pro se Petitioner Lewis Carnell Jackson's ("Jackson" or "Petitioner") motion [DE-93] under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Also before the court are various other motions by Jackson, including a Motion for Extension of Time [DE-105] and a Motion to Stay [DE-106]. All briefing is complete and the motions are ripe for adjudication.[1] The dispositive motions [DE-93, -97] have been referred to this court in accordance with 28 U.S.C. § 636(b)(1)(B) and are considered here as a recommendation to the District Court. Fed. R. Crim. P. 59(b)(1). The remaining motions [DE-105, -106] are considered by this court in accordance with 28 U.S.C. § 636(b)(1)(A). Fed. R. Crim. P. 59(a). For the following reasons, it is recommended that the government's motion to dismiss [DE-97] be allowed and Petitioner's motion for relief under 28 U.S.C. § 2255 [DE-93] be denied. Petitioner's remaining motions [DE-105, -106] are hereby denied for the reasons set forth below.

---

[1] Jackson responded to the government's motion to dismiss. [DE-103].

## I. BACKGROUND

On May 9, 2007, Jackson was indicted in a three-count indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924, conspiracy to unlawfully possess with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). [DE-1]. The original indictment alleged an offense date for all charges of on or about February 22, 2007. *Id.* On March 14, 2008, a superceding indictment charged Jackson with an additional charge of possession with intent to distribute a quantity of marijuana and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 2. [DE-39]. All other counts in the indictment remained the same, but the alleged date of the conspiracy charge was superceded to include the time period from February 2007 until March 24, 2007, reflecting a traffic stop of Jackson in Scotland County, North Carolina that occurred on March 24, 2007 where evidence from the vehicle was seized, including a "small baggie" of marijuana and handgun.

Prior to trial, Jackson moved in limine to prohibit the government from making reference to or presenting evidence relating to the March 24, 2007 traffic stop. Following argument from Jackson and the government, the court denied Jackson's motion by oral order on April 1, 2008, and the case proceeded to trial. On April 3, 2008, a jury convicted Jackson of conspiracy to distribute and possess with intent to distribute a quantity of marijuana (Count One), possession with intent to distribute marijuana and aiding and abetting (Count Two), possession of a firearm in furtherance of a drug trafficking crime (Count Three), and possession of a firearm by a felon (Count Four). [DE-61, -65]. On July 10, 2008, Jackson was sentenced to 60 months on Count One, five months on Count Two, 60 months on Count Three, and 235 months on Count Four, all to be served consecutively, for a total

sentence of 360 months. [DE-65]. Jackson appealed his conviction and sentence. [DE-66]. On April 12, 2011, the Fourth Circuit affirmed Jackson's convictions and sentence. *See United States v. Jackson*, 423 F. App'x 329 (4th Cir. 2011). On April 16, 2012, Jackson timely filed the instant petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. [DE-93].

## II. LEGAL STANDARDS

### A.     Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Moreover, a court "need not accept the legal conclusions drawn

3

from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

**B.    28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, 28 U.S.C. § 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

### III. DISCUSSION

**A.    Motion for Extension of Time [DE-105]**

On July 26, 2013, Jackson filed the following handwritten motion:

4

> I [Jackson] have a 2255 motion waiting to be decided on by Judge Flanagan. My 2255 was rushed due to my not receiving all documents from my trial attorney as well as my lack of legal knowledge. I have written the bar association so that I can get this information. I am requesting *more time* so that I may properly fight my appeal.

[DE-105] (emphasis added). The government did not respond to Jackson's motion.

Petitioner has filed a timely § 2255 motion and appears to seek its amendment through the instant motion. Therefore, the court construes Jackson's motion as one seeking leave to amend his § 2255 motion. The amendment of § 2255 pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). "A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Otherwise, a party may amend its pleading only by leave of court. *Id.* Absent bad faith, undue prejudice to the opposing party, or futility of the amendment, leave to amend under Rule 15(a) is to be freely given. *Pittman*, 209 F.3d at 317 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, leave to amend is generally inappropriate where the petitioner has failed to indicate the nature of the amendment, "either by submitting a proposed amendment or indicating somewhere in its court filings what an amended [pleading] would [] contain[]." *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009); *see also Bogdan v. Hous. Auth. of the City of Winston-Salem*, No. 1:05-CV-568, 2006 WL 3848693, at *3 (M.D.N.C. 2006) (recognizing that a plaintiff requesting leave to amend must include "an attachment of the proposed amendment with the Rule 15 motion").

The government filed its motion to dismiss Petitioner's § 2255 motion on June 25, 2012. Jackson did not file a motion to amend within 21 days of the motion to dismiss, thereby

extinguishing Jackson's right to amend his § 2255 pleading as a matter of course. Although Rule 15 permits amendment with leave of court upon a showing that the amendment is not in bad faith, unduly prejudicial or futile, Jackson has failed to provide the court with his proposed amendment nor has he otherwise indicated the nature of his amendment to his § 2255 motion. The court is therefore unable to determine whether leave to amend should be granted. Accordingly, Petitioner's motion is denied.

**B.      Motion to Stay [DE-106]**

After having filed his § 2255 motion on April 16, 2012, Jackson moved to stay his case for a period of 90 days on August 1, 2013 so that he may "present all claims available in the § 2255 proceeding so he doesn't forfeit them." [DE-106] at 1. Jackson's motion to stay was filed approximately 16 months after his § 2255 motion and Jackson provides no other information detailing his request for a stay. Jackson has failed to show good cause why all case deadlines should be suspended for 90 days. Fed. R. Civ. P. 6. The court notes that during the pendency of his motion to stay, several months have passed, exceeding the 90 days requested, and Jackson has made no attempt to file any amendment. Petitioner's motion to stay is denied.

**C.      Motion to Dismiss § 2255 Petition [DE-97]**

Jackson seeks relief under § 2255 asserting a number of grounds for relief, all of which are based upon a theory of ineffective assistance of counsel. Pet'r's Mot. [DE-93] ¶ 12. To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's representation was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the petitioner must overcome a "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional

6

Case 5:07-cr-00110-FL   Document 108   Filed 11/15/13   Page 6 of 16

assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). In a criminal trial, defense counsel has the authority to manage most aspects of the defense without first obtaining the consent of the defendant. *United States v. Chapman*, 593 F.3d 365, 367-68 (4th Cir. 2010) (citing *Florida v. Nixon*, 543 U.S. 175, 187 (2004)). The matters that fall within counsel's discretion "primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998). With respect to appeals, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal, as '[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). Appellate counsel accordingly enjoys a "presumption that [s]he decided which issues were most likely to afford relief on appeal," a presumption that a defendant can rebut "only when ignored issues are clearly stronger than those presented." *Id.*

As to the prejudice component, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. It is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697 (explaining "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "address both components of the inquiry if the defendant makes an insufficient showing on one").

Jackson contends his trial counsel rendered ineffective assistance in the following ways:

7

1) Counsel failed to file a pre-trial motion to suppress to contest the legality of the search of Jackson's vehicle by law enforcement in Scotland County, North Carolina on March 24, 2007;

2) Counsel failed to adequately object to the government's use of Officer Marshburn as an expert witness in the field of drug distribution; and

3) Counsel failed to object to government's leading questions, hearsay testimony, and other prejudicial matters.

Pet'r's Mem. [DE-93-1] at 3-6. Jackson further contends that his appellate counsel was ineffective in failing to contest the search of Jackson's vehicle in Scotland County, North Carolina on direct appeal. *Id.* at 4.

### 1. Counsel's Failure to Contest the Search of Jackson's Vehicle

*a. Trial Counsel's Failure to File a Motion to Suppress*

Jackson first faults his trial counsel for failing to move to suppress the evidence seized from his vehicle during a search on March 24, 2007.[2] Pet'r's Mem. at 3-4. Specifically, Jackson contends that his trial counsel should have contested the legality of the vehicle search as a violation of restrictions placed on searches incident to an arrest, based on *Arizona v. Gant*, 556 U.S. 332 (2009), a subsequently decided Supreme Court case. Jackson argues for the stricter standard for searches incident to an arrest as articulated in *Gant* while acknowledging that the alleged violation took place prior to the *Gant* ruling. Nevertheless, Jackson contends his trial counsel "could have discovered this issue" with "minimal research."[3] Pet'r's Mem. at 4.

---

[2] Jackson's counsel filed a Motion to Suppress on a different basis that was denied. [DE-23].

[3] The underlying facts surrounding Jackson's contention relate to a traffic stop occurring March 24, 2007 whereby Officer Salzlein with the Scotland County Sheriff's Office conducted a routine traffic stop of Jackson's car. Jackson was driving the vehicle accompanied by a female passenger. Jackson was arrested for driving while his license was revoked. The officer conducted a search of the vehicle after Jackson was arrested and recovered a small amount of marijuana and a handgun. *See* PSR [DE-71]. Jackson contends this search was illegal because he was handcuffed and unable to gain access to the car and there was no likelihood the vehicle contained evidence of the offense for which he was arrested.

8

After review and consideration, the court finds that Jackson's trial counsel was not constitutionally deficient in failing to file a motion to suppress contesting the legality of the search of Jackson's car.[4] Jackson's trial was held in April 2008 and *Gant* was decided on April 21, 2009 -approximately one year after Jackson's trial had concluded. Jackson tries to overcome this fact by asserting that his counsel "could have discovered this issue," essentially arguing that the basis for an objection to the search was already available. It is well-settled that counsel is not ineffective for failing to anticipate a change in the law. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995) ("an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law"); *see also Engle v. Isaac*, 456 U.S. 107, 134 (1982) ("[T]he Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will raise and recognize every conceivable constitutional claim.").

Had Jackson's counsel made a pre-trial motion to suppress, it would likely have been denied under then-binding circuit precedent. *See United States v. Bush*, 404 F.3d 263, 275-76 (4th Cir. 2005). At the time of Jackson's pre-trial motions, binding precedent of *New York v. Belton*, 453 U.S. 454 (1981), likely permitted a search of a vehicle incident to an arrest even if the arrestee had already been arrested and could not gain access to the vehicle at the time of the search. *See Gant*, 556 U.S. at 342; *United States v. Baker*, 719 F.3d 313, 317 (4th Cir. 2013) ("This court adopted the broad reading [of *Belton*], upholding, for instance, the search of a vehicle as a search incident to an arrest where the arrestee had been handcuffed and removed from the vehicle when the search occurred.");

---

Pet'r's Mem. at 3.

[4] For purposes of addressing Jackson's argument, the court assumes that *Gant* could have applied to the search of Jackson's car.

9

*United States v. Leak*, 464 F. App'x 92, 94 (4th Cir. 2012) (noting that before *Gant*, "precedent permitted police to conduct a search incident to an arrest of the passenger compartment of a vehicle even after its recent occupant had been arrested and separated from the vehicle"). Counsel was simply mindful of the controlling law on vehicle searches incident to an arrest at the time and reasonably eschewed objecting to the propriety of the search.

Jackson, in his response, also briefly contests the failure of trial counsel to object to Officer Salzlein's trial testimony. Pet'r's Resp. [DE-103] at 4. Officer Salzlein conducted the March 24, 2007 traffic stop. In this case, trial counsel filed a pre-trial motion in limine, [DE-42], seeking to exclude testimony and evidence related to the March 24, 2007 traffic stop. The court denied the motion in limine. Trial Tr. [DE-72] 17:11-13. Trial counsel's decision not to object to Officer Salzlein's trial testimony was reasonable based on the court's ruling denying the motion in limine. Further, when admitting exhibit evidence during Officer Salzlein's testimony, the court stated it was admitted over defendant's objection, indicating to the jury there was an objection. Based on the foregoing, the court does not find trial counsel deficient in addressing Officer Salzlein's trial testimony.

Accordingly, Jackson cannot show that counsel acted deficiently in addressing any evidence or testimony related to the March 24, 2007 traffic stop and vehicle search.

b.  *Appellate Counsel's Failure to Contest the Search*

Jackson also faults his appellate counsel for failing to contest the same search on appeal. Pet'r's Mem. at 4. Jackson argues that the *Gant* decision was controlling law when appellate counsel filed her appeal brief with the circuit court and counsel should have argued to the court that *Gant* rendered the vehicle search unconstitutional.

10

Here, without deciding whether counsel was deficient, the court finds that appellate counsel's decision not to contest the search on appeal did not prejudice Jackson. *See Strickland*, 466 U.S. at 697 (explaining it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice). Because the evidence found as a result of the search of Jackson's vehicle would still be admissible under the good faith exception to the Fourth Amendment's exclusionary rule, Jackson fails to show that counsel's failure to argue *Gant* on appeal prejudiced him. *See United States v. Robinson*, 456 F. App'x 283, 288-89 (4th Cir. 2011) (holding that the exclusionary rule did not apply because officers conducted search in reliance on binding appellate precedent valid at the time of the search).

The good faith exception to the exclusionary rule applies "when an officer's search incident to arrest of an automobile complied with the prevailing judicial precedent at the time, but was subsequently deemed unconstitutional by [a new Supreme Court decision such as] *Gant*." *Id.* at 288 (citing *Davis v. United States*, – U.S. –, 131 S. Ct. 2419, 2425-26 (2011)). As previously noted, the Fourth Circuit precedent prior to *Gant* allowed officers to conduct a search of a vehicle incident to an arrest even if the recent occupant was already arrested and handcuffed. *See United States v. Wilks*, 647 F.3d 520, 522 (4th Cir. 2011); *see Belton*, 453 U.S. at 471. Thus, the evidence obtained from the search of Jackson's vehicle falls into the good faith exception to the exclusionary rule and would have been admissible even under *Gant*. *Davis*, 131 S. Ct. at 2429-30 (holding the exclusionary rule does not bar the introduction of evidence found during searches that would have been constitutional but for *Gant* and that were conducted before the decision). At the time the officer searched Jackson's vehicle, precedent permitted the police to search a vehicle incident to the lawful arrest of one of its occupants regardless of whether the occupant was within reaching distance

11

of the passenger compartment and this is the type of good-faith reliance permitted. Accordingly, Jackson fails to show prejudice resulting from counsel's failure to argue *Gant* on appeal.

### 2. Counsel's Failure to Object to Officer Marshburn's Testimony

Jackson next contends that trial counsel was deficient in failing to object to the trial testimony of Officer Marshburn, which included both expert and lay witness testimony. Pet'r's Mem. at 4-5. Specifically, Jackson contests Officer Marshburn's testimony concerning the significance of the denominations of cash, digital scales, cell phones, firearms, and the market price of marijuana. *Id.* at 5. Jackson also specifically objects to Officer Marshburn's testimony concerning fingerprints on the firearm because Officer Marshburn was tendered as an expert on drug distribution, not fingerprint analysis. *Id.*

Jackson's allegations of ineffectiveness concerning trial counsel's failure to object to portions of Officer Marshburn's trial testimony relate to tactical decisions made by counsel. It is not the proper role of this court to second-guess a trial attorney's tactical decisions, *Goodson v. United States*, 564 F.2d 1071, 1072 (4th Cir. 1977), except when it appears that the attorney's performance was not reasonable considering all of the circumstances. *Strickland*, 466 U.S. at 690. Given that defense counsel has the authority to manage most tactical aspects of a defense, and trial counsel's decision in this case not to object to certain portions of Officer Marshburn's testimony appears reasonable considering the circumstances, the court does not find trial counsel's performance deficient.

In so finding, the court emphasizes that at trial Officer Marshburn was tendered as an expert in drug distribution. Prior to the tender and being accepted by the court as an expert in drug distribution, the government questioned Officer Marshburn concerning his training, experience, and

12

knowledge in the area of drug distribution to establish his qualifications to testify as an expert on this topic. Trial Tr. [DE-73] 21-27; *see* Fed. R. Evid. 702 ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion . . . ."). After review of the record, the court finds that counsel's decision not to object to Officer Marshburn's tender, following his testimony concerning his qualifications, was reasonable. *See United States v. Tejada-Ramirez*, 259 F. App'x 535, 538 (4th Cir. 2007) ("This court has 'repeatedly upheld the admission of law enforcement officers' expert opinion testimony in drug trafficking cases.'") (quoting *United States v. Gastiaburo*, 16 F.3d 582, 589 (4th Cir. 1994)). Further, once Officer Marshburn was accepted by the court as an expert on drug distribution, counsel's decision not to further object to testimony concerning the denominations of cash, digital scale, cell phone, firearm, and market price of marijuana was likewise reasonable. Officer Marshburn's testimony concerning these items was in connection with his testimony concerning the mechanics of drug distribution, all areas within his expertise, which was entirely appropriate.

Finally, the court finds counsel's decision not to object to Officer Marshburn's testimony concerning the presence of fingerprints on the firearm to be reasonable and not deficient. Jackson contends counsel's failure to object was deficient because Officer Marshburn was not tendered as an expert in fingerprint analysis. Pet'r's Mem. at 5. Review of the transcript however indicates that Officer Marshburn's testimony was not expert testimony; Officer Marshburn did not provide expert opinion, but only reported the fingerprint test results that were provided to him. *See* Trial Tr. 61:23-63:21; *see* Fed. R. Evid. 701 & 702. In fact, he testified that no fingerprints were recovered from the firearm, magazine or ammunition. *Id.* 62:2-4. Even assuming the testimony was improper expert testimony, Jackson's defense was not prejudiced because the testimony does not implicate Jackson.

13

Accordingly, counsel was not deficient in addressing Officer Marshburn's testimony.

### 3. Counsel's Failure to Object to Other Witness Testimony

Finally, Jackson contends that counsel failed to object to hearsay testimony, leading questions by the government during examination of government witnesses, and otherwise "objectionable matters." Pet'r's Mem. at 6. While Jackson appears to contest his trial counsel's performance on these grounds across all witness testimony, Jackson specifically contests three examples. *Id.* The court will address each example specifically contested by Jackson. Further review of the record does not reveal instances where counsel was otherwise deficient in failing to object, and the court will not delve into deficiencies not specifically asserted by Jackson.

Jackson asserts that his counsel failed to object to testimony from Officer Marshburn about the drug ecstacy. Pet'r's Mem. at 6. The basis of Jackson's objection to this testimony is unclear as he does not specify the grounds on which counsel should have objected. Trial Tr. 35:17-36:9. Upon review by the court, this segment of testimony does not reveal that counsel was deficient in failing to object to leading questions or "objectionable matters." The testimony Jackson contests does not implicate him as being involved with or possessing ecstacy. In fact, the testimony affirmatively states that ecstacy was not included in the drug sale. *Id.* 35:17-18 & 36:4-5. Additionally, trial counsel did in fact object on hearsay grounds to testimony concerning the defendants' statements to the informant and the court sustained the objection. Trial Tr. 36:4-9. Accordingly, counsel was not deficient in addressing Officer Marshburn's testimony.

Next, Jackson contends that his counsel failed to object to testimony from Jason Hartsfield ("Hartsfield"), the confidential informant, that he had met Defendant in prison on previous occasions as "highly prejudicial and not relevant." Pet'r's Mem. at 6; Trial Tr. 96:10-22 & 105:17-18.

However, counsel's choice not to object appears reasonable based on the court's review of the relevant testimony. Trial counsel's decision to object is a matter of trial tactics and strategy over which counsel has a large degree of discretion and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Strickland*, 466 U.S. at 689. In this case, the government was simply questioning Hartsfield about his relationship with Jackson and Hartsfield testified that he had met and seen Jackson in prison. Despite Jackson's contention that such statements are prejudicial, counsel's decision not to object was professionally reasonable under the circumstances and within his discretion. Accordingly, counsel was not deficient in not objecting to Hartsfield's testimony.

Last, Jackson contends that his trial counsel was deficient for allowing Hartsfield's testimony that Hartsfield saw Jackson in possession of a firearm in the nineties. Pet'r's Mem. at 6; Trial Tr. 97:4-99:12. However, the trial transcript indicates, and Jackson acknowledges, that counsel objected initially to this testimony based on relevance and was overruled by the court, but objected a second time and the court sustained the objection. Trial Tr. 97:13-23 & 98:19-99:8. Further, counsel made a motion to strike the testimony concerning the firearm and the court allowed counsel's motion, thereby instructing the jury to disregard Hartsfield's testimony concerning Jackson's possession of a firearm. Trial Tr. 98:25-99:11. Accordingly, counsel was not deficient in addressing Hartsfield's testimony regarding Jackson's possession of a firearm.

In sum, Jackson has failed to state a claim for ineffective assistance of counsel. The record supports neither that counsel's representation was deficient, nor that the allegedly deficient performance prejudiced the defense as required by *Strickland*. Accordingly, it is recommended that the government's motion to dismiss Jackson's petition be allowed.

15

## IV. CONCLUSION

Based upon the following, the court DENIES Jackson's motion [DE-105] for extension of time and motion [DE-106] to stay regarding his § 2255 motion and recommends as follows:

1.  The government's Motion to Dismiss [DE-97] be ALLOWED; and

2.  Jackson's Motion to Vacate, Set Aside or Correct Sentence [DE-93] be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

So ordered and submitted, the 15th day of November, 2013.

Robert B. Jones, Jr.
United States Magistrate Judge