IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-110-FL-1
NO. 5:12-CV-205-FL

| | | |
|---|---|---|
| LEWIS CARNELL JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct

sentence under 28 U.S.C. § 2255 ("motion to vacate") (DE 93) and respondent's motion to dismiss

the same (DE 97). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B.

Jones, Jr., entered memorandum and recommendation ("M&R") (DE 108) wherein it is

recommended that the court grant respondent's motion to dismiss. Petitioner did not file an

objection to the M&R. Pursuant to 28 U.S.C. § 636(b)(1)(A), the magistrate judge denied

petitioner's motion for extension of time to amend (DE 105) and motion to stay (DE 106). Petitioner

timely filed an objection to the denial of the motion to stay. Also before the court are petitioner's

second motion to stay (DE 112) and motion for leave to supplement (DE 113). The motion for leave

to supplement has been fully briefed. All of the motions are ripe for adjudication.

## BACKGROUND

On March 14, 2008, a superseding indictment was filed charging petitioner with the

following four counts: conspiracy to distribute and possess with the intent to distribute marijuana;

possess with intent to distribute marijuana; use of a firearm in relation to a drug trafficking crime;

and possession of a firearm by a felon. On April 3, 2008, a jury verdict was returned finding petitioner guilty on all four counts in the indictment. On July 10, 2008, petitioner was sentenced to an aggregate term of 360 months imprisonment. Petitioner appealed and, on April 12, 2011, the Fourth Circuit affirmed the judgment of the district court.

On April 16, 2012, petitioner filed the instant motion to vacate asserting that his sentence should be vacated and set aside on the grounds that he received ineffective assistance of counsel. Petitioner specifically asserts he received ineffective assistance of counsel based on the following grounds: (1) counsel's failure to file a pre-trial motion to suppress to contest the legality of the search of petitioner's vehicle by law enforcement in Scotland County, North Carolina on March 24, 2007; (2) counsel's failure to adequately object to the government's use of Officer Marshburn as an expert witness in the field of drug distribution; (3) counsel's failure to object to the government's leading questions, hearsay testimony, and other prejudicial matters; and (4) appellate counsel's failure to contest the search of petitioner's vehicle in Scotland County on direct appeal. (Mem. in Supp. 3-6). On June 25, 2012, respondent filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

On July 26, 2013, petitioner filed a motion for extension of time to amend his motion to vacate and a motion to stay. On November 15, 2013, the magistrate judge entered the M&R recommending that the court grant respondent's motion to dismiss. The magistrate judge also denied the motion for extension of time to amend and the motion to stay. On December 2, 2013, petitioner objected to the denial of the motion to stay.

Petitioner subsequently filed a second motion to stay (DE 112) and a motion for leave to

supplement (DE 113). The motion for leave to supplement has been fully briefed. Both motions are ripe for decision.

## DISCUSSION

A.      First Motion to Stay (DE 106)

As noted in the M&R, petitioner moved to stay consideration of his motion to vacate for a period of ninety (90) days so that he could amend same to "present all the claims available in the § 2255 proceeding so that he [would not] forfeit them." (Mot. to Stay 1). Petitioner specifically requested this additional time so that he could file a complaint with the local bar association to seek a copy of his case file from his trial and appellate attorneys. (Id.) Petitioner appeared to believe the case file would support the assertion of additional claims in the motion to vacate. The magistrate judge denied petitioner's motion to stay, finding an absence of good cause to suspend case deadlines. Petitioner objects to this ruling and contends his delay in filing an amendment was due to his attorney's delay in sending the case file, not any fault of his own.

A district court may refer to a magistrate judge "a pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). Upon timely objection by a party, the district court must "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also Local Civil Rule 72.4(a).

A party may amend its pleading one time as a matter of course within twenty-one (21) days after service of a responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a). "When an act . . . must be done within a specified time, the court may, for good cause, extend the time: on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In determining

whether excusable neglect exists, the court should take into account "all relevant circumstances surrounding a party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); see also Gaskins v. BFI Waste Servs., LLC, 281 F. App'x 255, 260 (4th Cir.2008) (holding that district court should apply the Pioneer factors in the context of Rule 6(b) motion).

After considered review, this court concludes that the magistrate judge's decision on the motion to stay is neither clearly erroneous nor contrary to law. This court finds that petitioner has not alleged excusable neglect such to justify extending the deadline to file an amendment. Petitioner filed this first motion to stay approximately fifteen (15) months after filing his § 2255 motion. He has not presented any facts to suggest his failure to file an amendment during this fifteen (15) month time period is the result of excusable neglect. Although his attorneys may have contributed to his delayed receipt of the case file, they are not to blame for the fifteen (15) month delay between petitioner's filing of the § 2255 motion and this motion to stay. The record shows petitioner received his case file no more than five months after filing a complaint with the local bar association. Petitioner has failed to show why he could not have pursued this course of action sooner. In addition, while petitioner only requested a ninety (90) day stay, the motion to stay was pending for more than ninety (90) days before the M&R was entered. During this pendency period petitioner did not make any attempt to file an amendment or request an extension of time to file an amendment. Moreover, this first motion to say appears moot where the court now has petitioner's proposed amendment before it for decision. The court finds no clear error in the magistrate judge's

4

decision on the motion to stay; therefore, petitioner's objection is overruled.

B.      Second Motion to Stay (DE 112)

After entry of the M&R, petitioner filed another motion to stay and a motion for leave to supplement his § 2255 motion.  He seeks a ten (10) day stay so that he can supplement his § 2255 motion.  The court denies as moot petitioner's motion to stay where his motion to supplement is before the court for decision.

C.      Motion for Leave to Supplement

The motion for leave to supplement seeks to add an ineffective assistance of counsel ground based on his trial attorney's alleged failure to communicate a plea offer from the government to him. The government responded in opposition, relying on a declaration by defendant's trial attorney and other supporting documentation to challenge the amendment as futile where the evidence allegedly shows counsel communicated the plea offer to petitioner.

A party may amend its pleading one time as a matter of course within twenty-one (21) days after service of a responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), whichever is earlier.  Fed. R. Civ. P. 15(a).  Otherwise, however, a party may amend its pleading only by leave of the court or by written consent of the opposing party, although leave to amend "shall be freely given when justice so requires."  Id.  This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities.  See Ostrzenski v. Seigel, 177 F.3d 245, 252-53 (4th Cir. 1999).  Leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal quotation marks omitted).  "Leave to amend

5

. . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986).

"[T]he Supreme Court [has] held that the Sixth Amendment right to counsel in the plea bargaining context is that counsel has a duty to communicate any offers from the Government to his client." United States v. Pender, 514 F. App'x 359, 360 (4th Cir. 2013); see also Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012). Therefore, "[t]he failure of counsel to communicate a plea offer may constitute ineffective assistance of counsel." United States v. Mitchell, 484 F. App'x 744, 745 (4th Cir. 2012). Thus, petitioner's newly asserted ineffective assistance ground is not clearly insufficient or frivolous on its face. The court grants petitioner's motion to supplement and will consider below whether this ground survives respondent's motion to dismiss.

D.      Motion to Vacate

1.      Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable" to the non-moving party but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet

Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

2.     Original Four Grounds

Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).

Petitioner does not raise any objections to the M&R's discussion of these grounds. Upon considered review of the M&R and of the record generally, having found no clear error, the court hereby adopts the recommendation of the M&R as its own, and, for the reasons stated therein, plaintiff's motion to vacate is denied with respect to his original four grounds and respondent's motion to dismiss is granted with respect to the same.

3.     Newly Added Fifth Ground

Also before the court is the newly added fifth ground for ineffective assistance of counsel based on trial counsel's alleged failure to communicate a plea offer to petitioner. A successful claim for ineffective assistance of counsel in the plea bargaining process requires petitioner to show that "(1) counsel's performance was deficient, and (2) there is a reasonable probability that the deficiency prejudiced the defense." Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013); see also Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

Here, the parties dispute whether petitioner's trial counsel communicated the relevant plea offer to petitioner. Respondent submitted a declaration, signed under penalty of perjury, from petitioner's trial counsel wherein he states he communicated the plea offer to petitioner. Specifically, trial counsel states he "informed [petitioner] of the proposed plea agreement sent from the government, read, and discussed the same with him." (Resp. in Opp'n Ex. A ¶ 2). Trial counsel

further states he encouraged petitioner to accept the plea offer. (Id. ¶ 3). Trial counsel also attached to his declaration a September18, 2008, letter to the undersigned regarding counsel's Criminal Justice Act ("CJA") voucher. The letter extensively references trial counsel's efforts to get petitioner to accept a plea offer. (Id. at 5). For example, trial counsel stated he "wasted no time in discussing with [petitioner]" "information from the prosecutor relating to a potential plea agreement." (Id.) The CJA voucher shows trial counsel met with petitioner on December 10, 2007, to discuss the plea decision and on December 13, 2007, to discuss petitioner's decision to plead not guilty. (Id. at 9-10).

Petitioner contends his trial counsel only talked with him generally about cooperating with the government. He asserts his attorney neither informed him of the specific terms of the plea offer nor provided a copy of the plea offer for review. (Reply 3). Petitioner submits his affidavit, signed under penalty of perjury, to support his contentions. (See Reply Ex. B ¶¶ 4-6).

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue." United States v. Ray, No. 13-6471, 2013 WL 6354145, at *2 (4th Cir. Dec. 6, 2013); see also United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000).

To determine whether petitioner has satisfied the first prong of the Strickland test, this court would need to resolve a factual dispute regarding whether trial counsel's performance was deficient.

Such resolution of factual contests is beyond the scope of review of a motion to dismiss. Moreover, there is no evidence in the current record of what occurred during trial counsel's discussion of the plea decision with petitioner on December 10, and 13, 2007. Cf. United States v. Mason, 481 F. App'x 815, 819 (4th Cir. 2012) (distinguishing communications that "actually convey[] the then-available plea offer" and that "offer[] a generalized discussion of [the defendant's] sentencing exposure"). In addition, deciding the question of prejudice requires a credibility determination,[1] which is a factual determination that cannot be made from the current record, or the receipt of information outside of the current record. As a result, this court must deny respondent's motion to dismiss with respect to this fifth ground.

An evidentiary hearing is necessary to adjudicate this fifth ground on its merits. Petitioner's motion to vacate, with the sole remaining fifth claim of ineffective assistance of counsel based on counsel's alleged failure to communicate a plea offer to him, will be referred to the magistrate judge for noticing and setting of an evidentiary hearing and entry of recommended disposition, including findings of fact, in accord with this order.

## CONCLUSION

Upon considered review of those portions of the M&R to which no objection has been made, the court ADOPTS the recommendation in the M&R (DE 108). The court DENIES petitioner's motion to vacate (DE 65) with respect to the original four grounds for relief, and GRANTS respondent's motion to dismiss (DE 69) the same. The court also AFFIRMS the magistrate judge's

---

[1] "The Supreme Court has not yet resolved what, if anything, a petitioner must show in addition to his own credible post hoc testimony [that he would have accepted the plea offer] and a sentence disparity to satisfy the Strickland prejudice prong." Merzbacher, 706 F.3d at 366. "But it is entirely clear that to demonstrate a reasonable probability that he would have accepted a plea, a petitioner's testimony that he would have done so must be credible." Id. at 366-67.

decision on petitioner's first motion to stay (DE 106), DENIES as MOOT petitioner's second motion to stay (DE 112), and GRANTS petitioner's motion for leave to supplement (DE 113). The clerk is DIRECTED to refer this matter to United States Magistrate Judge Robert B. Jones, Jr., for noticing and setting of an evidentiary hearing with respect to the newly-added fifth ground for relief, in accordance with the discussion herein, and for entry of memorandum and recommendation, including recommended findings of fact and conclusions of law on this claim.

SO ORDERED, this the 27th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge