IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-110-FL-1
NO. 5:12-CV-205-FL

| | |
|---|---|
| LEWIS CARNEL JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (DE 113). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. conducted an evidentiary hearing and entered a memorandum and recommendation (M&R), wherein it is recommended that petitioner's motion be denied. (DE 132). Petitioner filed objections, and the government has responded. In that posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the recommendation of the magistrate judge and denies petitioner's motion.

**BACKGROUND**

On May 9, 2007, petitioner was indicted in a three-count indictment. Count one alleged that on or about February 22, 2007, petitioner, having been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed, in and affecting commerce, a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. Count two alleged that on or about the same date

petitioner had conspired to possess, with the intent to distribute, marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count three alleged that petitioner possessed the firearm referenced in count one in furtherance of the drug trafficking conspiracy alleged in count two, in violation of 18 U.S.C. § 924(c)(1)(A). On March 14, 2008, a superceding indictment also charged petitioner with possession with intent to distribute a quantity of marijuana, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) & (2).

Petitioner's case proceeded to trial. A jury convicted petitioner of all four counts charged in the indictment on April 3, 2008. Thereafter, petitioner was sentenced to 360 months in prison on July 10, 2008. The Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence on April 12, 2011. United States v. Jackson, 423 F. App'x 329 (4th Cir. 2011).

On April 16, 2012, petitioner filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 motion contained four grounds for relief. The government challenged petitioner's § 2255 motion on a motion to dismiss. On February 27, 2014, the court denied all four grounds and granted the government's motion to dismiss. Prior to the court's order, however, petitioner sought leave to supplement his motion by adding an ineffective assistance of counsel claim. Leave to supplement and file the instant claim was granted on February 27, 2014.

At issue here is the sole ground alleged in petitioner's supplemental motion. There, petitioner alleged his trial counsel, James Saunders, performed in a constitutionally deficient manner by not communicating a favorable plea agreement to petitioner and allowing him to proceed to trial. The government, through then-Assistant United States Attorney ("AUSA") Wes Camden offered petitioner a plea, of which he allegedly had no knowledge until discovery was requested in

2

preparation for filing of his original § 2255 motion. Such plea agreement, in fact, was again offered by AUSA Ethan Ontjes after Ontjes began pursuing this case on behalf of the government.

With respect to the terms of the proposed plea, which was offered prior to the date of the superceding indictment, the government would dismiss count one and two of the indictment. Petitioner would plead guilty to count three. The United States Sentencing Guidelines in force at the time would have required aan advisory guidelines sentence range of 360 months to life, based on petitioner's criminal history category and offense level. In an effort to receive a reduced sentence, petitioner had indicated previously he wished to provide certain information to the government. In response, the government, in the offered plea, agreed to make known to the court the full extent of petitioner's cooperation. However the government did not promise to make a motion for a downward departure or variance based on substantial assistance.

The court referred petitioner's motion to the magistrate judge to conduct an evidentiary hearing. At a hearing held on April 14, 2014, the magistrate judge heard testimony from petitioner; Danika Smith, the mother of petitioner's child; and Saunders. At the hearing, the testimony of petitioner and Saunders was in conflict. Petitioner contended that Saunders had never communicated to him the existence of any proposed plea agreement. Saunders, however, submitted that he discussed the plea agreement with petitioner at each meeting, and that such discussions were in accord with his regular practice as a criminal defense attorney. The magistrate judge also considered documentary evidence, including Saunders' time sheet, which was submitted by Saunders for reimbursement under the Criminal Justice Act. That document contained entries reflecting meetings with petitioner and rough descriptions of the topics covered at those meetings.

3

After hearing all the evidence, the magistrate judge recommended this court deny petitioner's motion. In the M&R, the magistrate judge determined that the specificity of Saunder's testimony, which was corroborated by his time sheets, substantial experience as a criminal defense attorney, and routine practices, warranted the conclusion that Saunders' testimony was more credible than petitioner's. Based on that conclusion, the magistrate judge determined that Saunders had communicated the plea agreement to petitioner and thus, did not perform in a constitutionally deficient manner. Thereafter, petitioner filed the instant objections to the M&R.

## DISCUSSION

**A.     Standard of Review**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Petitioner seeks § 2255 relief for ineffective assistance of counsel, based on trial counsel's alleged failure to communicate a plea offer to petitioner. To sustain an ineffective assistance of counsel claim in the context of plea bargaining, petitioner must demonstrate trial counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability

4

that trial counsel's deficient performance prejudiced petitioner. See Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013); see also Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012); Strickland v. Washington, 466 U.S. 668, 687 (1984). Generally, counsel has a duty to communicate any offers from the government to his client, and the failure to do so may constitute ineffective assistance of counsel. See Jackson v. United States, No. 5:07-CR-110-FL-1, 2014 WL 794029, at *3 (E.D.N.C. Feb. 27, 2014).

In this case, an evidentiary hearing was conducted by the magistrate judge, where he found that counsel's conduct was not deficient. At the hearing, the magistrate judge found facts and made credibility determinations to support his conclusion. He noted that in assessing the credibility of witnesses, trial courts consider "variations in demeanor and tone of voice," Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 575 (1985), as well as documents and objective evidence that may contradict a witness' testimony or reveal inconsistencies. Id.; see also United States v. Marcavage, 609 F.2d 264, 281 (3d Cir. 2010).

In conducting a *de novo* review of the facts found at an evidentiary hearing, this court need not conduct a second hearing, but is required to review the hearing transcript and other documentary evidence only. See Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985); see also Pressly v. Hutto, 861 F.2d 265, at *2 (4th Cir. 1988). A reviewing court must take a deferential standard regarding the credibility of witnesses where the magistrate judge sits as a trier of fact. See McNairn v. Sullivan, 929 F.2d 974, 977 n.3 (4th Cir. 1991); United States v. Northington, No. 7:11-CR-41-FL, 2012 WL 333764, at *2 (E.D.N.C. Jan. 31, 2012). This court has taken a deferential standard of review for credibility determinations when the magistrate judge heard the live testimony and observed the demeanor of the witnesses. See id. See generally, United States v. Gibbs, 421 F.3d 352, 357 (5th

5

Cir. 2005) ("In [making a de novo determination], the district court need not re-hear testimony from the [evidentiary] hearing; its deference to the magistrate's credibility determinations is appropriate when they are supported by the record.").

**B.    Analysis**

Petitioner essentially raises two objections to the M&R.  First, petitioner contends that the magistrate judge erred by finding Saunders' testimony more credible than petitioners.  Petitioner also suggests that the Saunders failed to satisfy his obligations as counsel in three respects.  First, by failing to provide petitioner with a physical copy of the proposed memorandum of plea agreement. Second, by failing to communicate to petitioner Ontjes' ratification of the offered plea agreement.  And lastly, by failing to communicate to petitioner the contents of a letter from Ontjes, which expressed the government's willingness to seek a reduction in sentence if petitioner provided substantial assistance.  The court addresses each argument in turn below.

    **1.    Credibility Determination**

Petitioner argues the magistrate judge erred in concluding that Saunders's testimony was more credible than his own.  Upon a thorough review of both the hearing transcript and the documentary evidence, the court concludes that Saunders' testimony was more credible, and thus entitled to greater weight, than petitioner's own testimony.  Accordingly, the magistrate judge's determination that Saunders conveyed the plea agreement to petitioner is upheld and petitioner's objection is overruled.

In assessing the credibility of witnesses, the court properly may consider "variations in demeanor and tone of voice," Anderson, 470 U.S. at 575, as well as documents and objective evidence that may contradict a witness' testimony or reveal inconsistencies.  Id.; see also

6

Marcavage, 609 F.2d at 281. Additional considerations may include the witness' motive to lie and the specificity of a witness' statements. See United States v. Wilson, 624 F.3d 640, 665 (4th Cir. 2010).

Petitioner contends Saunders' inability to recall the mundane details of his relationship with petitioner, such as when he received discovery from the government, the times at which he met with petitioner, and the like, undercut his credibility. However, at the hearing Saunders provided a great deal of specific testimony relevant to his meetings with petitioner and the petitioner's decision on whether or not to accept the proposed plea. First, Saunders recalled meeting with petitioner at the Hertford County Sheriff's Office. (Tr. 75). In particular, he recalled meeting in a large conference room, being seated at a long table, and discussing the proposed plea agreement with petitioner. (Id.). Saunders stated that it was his regular practice review such agreements with his clients by first giving a "general overview" of the proposed memorandum of plea agreement and then turning to the section detailing the government's obligations, which Saunders called "the terms that the client really cares about." (Id.).

In his testimony, Saunders detailed petitioner's adverse reaction to the terms of the plea agreement. (Id.). He specifically recounted petitioner's complaint that the proposed plea would require petitioner to plead guilty to possession of a firearm. (Id.). Moreover, he also recounted his own frustration with his futile efforts to convince petitioner to accept the proposed plea, rather than go to trial. (Id.). In sum, Saunders recounts his meetings with petitioner, as well as the topics discussed at those meetings, with a great deal of specificity.

By contrast, petitioner's testimony provides no specific information about the circumstances of or topics discussed at his meetings with Saunders. Petitioner recounts that he neither received

7

the proposed plea agreement nor discussed the terms of such with Saunders. Petitioner's testimony does little else to establish his credibility, however. Petitioner provided no details about the settings of his meetings with Saunders. Further, petitioner provided only the most general information about the topics discussed at those meetings. Petitioner's testimony exhaustively covers the things counsel did not do; however, it contains little discussion of the services counsel provided. Because petitioner fails to provide context and relevant background information, the court concludes Saunder's testimony is more credible than petitioner's.

In any event, as petitioner bears the burden of proof in this case, his testimony also fails to present a theory as to why Saunders, who recalled his frustration with petitioner's desire to move forward with a trial, would have failed to communicate a plea agreement he had worked to negotiate. Barentine v. United States, 728 F. Supp. 1241, 1250 (W.D.N.C. 1990) ("[H]aving negotiated, at least in principle, a five year plea agreement with the government, it would have made no sense for [counsel] to have failed to advise Petitioner of this offer.").

The court next turns to the documentary evidence submitted at the hearing. This evidence further support's Saunder's credibility. In a letter to this court dated September 18, 2008, Saunders mentioned his discussions with petitioner regarding the proposed plea agreement numerous times. In particular, Saunders noted his belief that petitioner was on the verge of accepting "some form" of the proposed plea agreement. (DE 119-3, at 3). Further, he represented that he "wasted no time" in discussing the proposed plea agreement with petitioner. (Id.).

Moreover, Saunders provided additional documentation to support the court's conclusion that he discussed with petitioner the government's offered plea. In particular, Saunders, as CJA appointed counsel, submitted a time sheet detailing the services provided in and number of hours

8

expended on petitioner's case. (DE 118-1). This time sheet included a December 3, 2007, entry, which reads "Review proposed plea agmt. [sic]." On December 10, 2007, it includes an entry reading "Client counseling at Hertford Co. Jail re: plea decision." These entries, made contemporaneously with Saunder's representation of petitioner, support the court's conclusion that Saunders communicated the substance of the proposed plea agreement.

In sum, as Saunder's testimony contains specific factual information relating to plea discussions with petitioner, and where that testimony is supported by credible documentary evidence, the court concludes that Saunders' testimony is entitled to greater weight than petitioner's. Accordingly, the court finds that Saunders did communicate government's proposed plea agreement to petitioner.

### 2. Specific Failings of Counsel

The court next turns to petitioner's arguments relating to specific failings of counsel. Petitioner suggests counsel's representation was constitutionally deficient in three respects. First, petitioner argues Saunders never provided him with a written copy of the proposed plea agreement and such failure constitutes ineffective assistance of counsel. While it is generally true that counsel has the duty to communicate plea agreements offered by the government, See Frye, 132 S. Ct. at 1408, the Constitution does not require counsel to undertake all conduct that is "prudent or appropriate." See Burger v. Kemp, 483 U.S. 776, 794 (1987). In this instance, petitioner has not provided, and the court is not aware of, any case that expands the duty to communicate an offered plea in substance into the duty to provide a written copy of a plea. While Saunders' failure to provide petitioner with a written copy of the plea agreement may not have been "best practices," it does not rise to the level of a constitutional violation.

9

It is further suggested that Saunders' failure to communicate Ontjes "ratification" of the proposed plea agreement, initially offered by Camden, constitutes ineffective assistance of counsel. To the extent it could be argued Saunders' conduct fell below an objective standard of reasonableness, the court cannot conclude that his failure to inform petitioner of Ontjes "ratification" of the offered plea was prejudicial. Petitioner admits the plea agreements were identical in every respect. Where the court has already concluded Saunders' communicated the original plea agreement to petitioner, it was not prejudicial error if Saunders failed to communicate Ontjes intent to be bound by the same agreement.

Petitioner contends that Saunders' failure to discuss with petitioner the contents of a letter from Ontjes, dated January 28, 2008, was prejudicial. The letter allegedly contained statements of the government's willingness to seek a reduction in sentence if petitioner provided the government with substantial assistance. The court notes that this letter is not in the record. The magistrate judge determined that such letter could not be considered for its truth, as it contains inadmissible hearsay. Thus, the letter can be considered only to the extent it shows "that there were documents from the government, in addition to the proposed memorandum of plea agreement, that Saunders received prior to trial" that petitioner received after trial. (DE 132, at 6 n.5). When considered for that proposition, it was not prejudicial error for Saunders not to alert petitioner to its existence.

In any event, to the extent the letter may be considered as evidence of the government's willingness to move the court for a reduced sentence, Saunders' failure to communicate the contents of the letter to petitioner do not constitute a failure to communicate a plea offer. It is generally true that counsel has the duty to communicate plea agreements proposed by the government. See Frye, 132 S. Ct. at 1408. However, that obligation extends only to formal plea agreements. Courts do not

10

afford the same degree of significance to informal promises or plea agreements. See United States v. Daniels, 929 F.2d 128, 130-31 (4th Cir. 1991).

Here, the letter contains nothing more than an expression of the government's willingness to seek a substantial assistance departure if defendant provides assistance in certain other cases. This is not a formal plea agreement. The letter is best characterized as an informal promise. Thus, it was not error for Saunders to not discuss this letter with petitioner.

### C. Certificate of Appealability

A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions to which no such objection has been made, the court overrules petitioner's objections. Accordingly, the court ADOPTS the M&R as its own. Petitioner's motion to vacate is DENIED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of December, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge