IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-110-FL-1
No. 5:16-CV-353-FL

| | |
|---|---|
| LEWIS CARNELL JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 161), which challenges petitioner's Armed Career Criminal Act (ACCA) sentencing enhancement in light of Johnson v. United States, 135 S. Ct. 2551 (2015). The government responded, and the parties filed supplemental briefs upon the court's order to show cause why petitioner's motion should not be dismissed. In this posture, the issues raised are ripe for ruling. For the following reasons, petitioner's motion is denied.

**BACKGROUND**

On April 3, 2008, petitioner was convicted following a jury trial of four counts: (1) conspiracy to distribute and possess with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 846 ("count one"); (2) possession with the intent to distribute a quantity of marijuana and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 ("count two"); (3) use, carry, and possess a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("count three"); (4) possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924 ("count four").

Prior to sentencing, the United States Probation Office prepared and published a Presentence Investigation Report ("PSR"), which describes in detail petitioner's background, including his criminal history. Based on petitioner's criminal history, the PSR determined that petitioner was an "armed career criminal" and that his statutory minimum sentence on count four was 15 years, under 18 U.S.C. § 924(e)(1). (DE 71, ¶¶ 48, 54). In support of its designation of petitioner as an "armed career criminal" the PSR identified two North Carolina felony convictions for "Sale and Delivery of Cocaine," one North Carolina felony conviction for "Discharge a Weapon into Occupied Property," one North Carolina felony conviction for "Assault with a Deadly Weapon With Intent to Kill" (hereinafter "AWDWIK"), one North Carolina felony conviction for "Assault with a Deadly Weapon Inflicting Serious Injury," and one North Carolina felony conviction for "Breaking and Entering." (Id. ¶¶ 11, 17, 19). In addition, in addressing an objection to the "armed career criminal" designation, the PSR identified an additional conviction for "Sale and Delivery of Cocaine." (See id. ¶10 & p. 16).

The court sentenced petitioner to a total term of 360 months imprisonment, adopting the PSR without change. (See DE 65). Petitioner appealed, and the Fourth Circuit affirmed.

Petitioner filed a first § 2255 motion on May 16, 2012, as supplemented, including claims for ineffective assistance of counsel, which the court denied on December 15, 2014. On June 7, 2016, the Fourth Circuit entered an order authorizing petitioner to file a second or successive § 2255 motion on the basis of Johnson.

Petitioner filed the instant motion to vacate on June 27, 2016, arguing that he can no longer be classified as an Armed Career Criminal because he does not have qualifying predicate convictions following Johnson. The government responded, suggesting that petitioner does not have

2

three qualifying predicate convictions under the ACCA, but urging the court to reimpose the same sentence on the basis of a career offender enhancement. On December 8, 2016, this court entered an order directing the parties to show cause why petitioner's § 2255 motion should not be dismissed, where the PSR in this case identified three serious drug offenses, amongst other prior convictions, as predicates for petitioner's enhanced penalty under the ACCA. (See PSR ¶¶ 10, 11, 48, and p. 16).

In response to the show cause order, petitioner argues that one of the three identified drug offenses (PSR ¶10) does not now qualify as an ACCA predicate because it does not have a maximum sentence of ten years, and that the other two identified drug offenses (PSR ¶11) must be counted together because there is no evidence they occurred on different occasions. In addition, petitioner reiterates his position that the assault convictions and discharge of firearm conviction (PSR ¶17) are not valid predicate convictions. In its response, the government now takes the position that petitioner remains an armed career criminal, because the two drug offenses in PSR ¶10 qualify separately as valid predicates, coupled with the AWDWIK conviction and breaking and entering conviction.

**COURT'S DISCUSSION**

A.      Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . .

grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b).

B.   Analysis

   1.   Breaking and Entering

Petitioner has one qualifying prior conviction for breaking and entering. It is well-established in this circuit that the North Carolina offense of "breaking and entering" qualifies as an enumerated violent felony under the ACCA. United States v. Mungro, 754 F.3d 267, 268, 272 (4th Cir. 2014). Accordingly, Johnson has no impact on the status of petitioner's breaking and entering conviction as an Armed Career Criminal predicate.

   2.   Serious Drug Offense

Petitioner has at least one qualifying prior conviction for a serious drug offense. The ACCA provides a fifteen year minimum sentence on a § 922(g) violation where a defendant has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). A serious drug offense is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Petitioner concedes that the drug convictions identified in paragraph 11 of the PSR constitute together one predicate conviction for ACCA purposes. For purposes of the instant order, where the court determines below that petitioner's AWDWIK conviction qualifies as an ACCA predicate, the court need not determine whether additional drug offenses noted in the PSR constitute separate ACCA predicates.

4

3. AWDWIK

Before <u>Johnson</u>, the Fourth Circuit regularly held or stated that various North Carolina assault with deadly weapon convictions constituted violent felonies under the ACCA, either based upon the residual clause or without discussing in isolation the remainder of the ACCA definition of "violent felony." <u>See, e.g.</u>, <u>United States v. Boykin</u>, 669 F.3d 467, 469 (4th Cir. 2012) (stating predicate conviction for "assault with a deadly weapon inflicting serious injury" is a violent felony for purposes of the ACCA); <u>United States v. Williams</u>, 187 F.3d 429, 430 (4th Cir. 1999) (holding that "assault with a deadly weapon with the intent to kill" is a violent felony under the ACCA); <u>see also</u> <u>United States v. Brady</u>, 438 F. App'x 191, 193 (4th Cir. 2011) (holding that "assault with a deadly weapon inflicting serious injury" is a violent felony under the ACCA); <u>United States v. Harris</u>, 458 F. App'x 297, 300 (4th Cir. 2011) (holding that "assault with a deadly weapon on a government official" is an ACCA predicate).

Where the residual clause of the ACCA now is unavailable after <u>Johnson</u>, the government contends that AWDWIK constitutes a violent felony instead under the "use of force" provision of the ACCA. Under the "use of force" provision, a prior conviction may count as a "violent felony" under the ACCA if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). "Use of physical force" against another requires "a higher degree of intent than negligent or merely accidental conduct." <u>Leocal v. Ashcroft</u>, 543 U.S. 1, 9 (2004). Likewise, mere "[r]ecklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence.'" <u>United States v. Vinson</u>, 805 F.3d 120, 125 (4th Cir. 2015) (quotations omitted); <u>see also</u> <u>United States v. Travis</u>, 149 F. Supp. 3d 596, 599 (E.D.N.C. 2016) ("defendant must have purposefully or knowingly applied the requisite force

5

against his victim; negligently or recklessly applied force falls outside the scope of the 'use of physical force' provision"). In addition, "the phrase 'physical force' means <u>violent</u> force – that is, force capable of causing physical pain or injury to another person." <u>Johnson v. United States</u>, 559 U.S. 133, 140 (2010).

To determine if petitioner's AWDWIK conviction constitutes a "violent felony" under the "use of force" provision, the court must apply "the familiar categorical approach," under which the court must "look only to the fact of conviction and the statutory definition of the prior offense, focusing on the elements of the prior offense rather than the conduct underlying the conviction." <u>Vinson</u>, 805 F.3d at 123 (internal quotations omitted). In analyzing the elements of the offense at issue, the court may look also to relevant interpretations of the offense by the North Carolina Supreme Court. <u>See id.</u> at 125. The court may also consider the North Carolina pattern jury instructions. <u>See id.</u> at 126; <u>United States v. Gardner</u>, 823 F.3d 793, 802-803 (4th Cir. 2016).

The statute criminalizing AWDWIK states that "Any person who assaults another person with a deadly weapon with intent to kill shall be punished as a Class E felon." N.C. Gen. Stat. § 14-32(a). The elements of assault with a deadly weapon with intent to kill are: (1) an assault, (2) with the use of a deadly weapon, (3) with an intent to kill. <u>See</u> N.C. Pattern Instructions – Crim. 208.25; <u>see also</u> <u>State v. Garris</u>, 191 N.C. App. 276, 287 (2008) (same elements). "[A] specific intent to kill [is] a necessary element in the proof" of an AWDWIK conviction, and it is "the distinguishing characteristic between [AWDWIK] and the lesser offense of assault with a deadly weapon." <u>State v. Parks</u>, 290 N.C. 748, 754 (1976).

This court previously has held that the offense of assault with a deadly weapon inflicting serious injury ("AWDWISI"), a separate offense under N.C. Gen. Stat. § 14-32(b), is not a violent

6

felony under the ACCA, because such offense lacks a specific intent element, and requires only "culpable or criminal negligence" for a conviction. See United States v. Geddie, 125 F. Supp. 3d 592, 599-601 (E.D.N.C. 2015). AWDWIK, by contrast, contains that missing element of specific intent to kill. See, e.g., Parks, 290 N.C. at 754. As such, AWDWIKISI meets the requirement of the "use of force" provision that force must be "used" with "a higher degree of intent than negligent or merely accidental conduct." Leocal, 543 U.S. at 9; see Geddie, 125 F. Supp. 3d. at 601 (suggesting that force must be "used" with "at an irreducible minimum, a reckless state of mind").

In addition, the "use of a deadly weapon" element of the AWDWIK offense, coupled with the "specific intent to kill," Parks, 290 N.C. at 754, also meets the requirement that a qualifying offense must involve "force capable of causing physical pain or injury to another person," Johnson, 559 U.S. at 140. See United States v. Smith, 638 F. App'x 216, 219 (4th Cir. 2016) (holding that North Carolina "malicious assault in a secret manner" offense involving "the use of a 'deadly weapon' with 'intent to kill,' entails 'force capable of causing physical pain or injury to another person,' . . . and therefore qualifies as a 'violent felony' under the force clause"); see also McNatt v. United States, No. 5:08-CR-359-FL-1, 2016 WL 7167949, at *3 (E.D.N.C. Dec. 8, 2016) (holding that offense of assault with a deadly weapon with intent to kill inflicting serious injury, under N.C. Gen. Stat. § 14-32(a) is a proper ACCA predicate after Johnson because it requires a specific intent to kill and involves use of a deadly weapon).

In sum, petitioner's AWDWIK conviction properly constitutes a predicate offense under the ACCA. Therefore, coupled with his breaking and entering conviction and serious drug conviction, petitioner properly was subjected to an increased statutory minimum sentence under the ACCA, and his § 2255 motion is without merit.

7

Case 5:07-cr-00110-FL   Document 172   Filed 02/02/17   Page 7 of 8

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. See Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is warranted on the issue of whether AWDWIK constitutes a violent felony under the ACCA.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 161). The court GRANTS a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 2nd day of February, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge

8

Case 5:07-cr-00110-FL   Document 172   Filed 02/02/17   Page 8 of 8